UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DENNIS LEE BROWN,

        Plaintiff,                  Case No. 1:07-cv-926

v.                                        Honorable Robert J. Jonker

RAYMOND VOET et al.,

        Defendants.
_____/

**REPORT AND RECOMMENDATION**

        This is an action ostensibly brought by a state prisoner pursuant to 22 U.S.C. § 611 *et seq*. (Foreign Agents and Propaganda), 4 U.S.C. §§ 101 & 102 (Flag and Seal, Seat of Government, and the States) and 28 U.S.C. § 1331 (Federal Question).  The Court has granted Plaintiff leave to proceed *in forma pauperis*, and Plaintiff has been ordered to pay the initial partial filing fee when funds become available.  Under the Prison Litigation Reform Act, PUB. L. NO. 104-134, 110 STAT. 1321 (1996), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief.  28 U.S.C. §§ 1915(e)(2), 1915A.  The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible.  *Denton v. Hernandez*, 504 U.S. 25, 33 (1992).  Applying these standards, I recommend that Plaintiff's complaint be dismissed for failure to state a claim.

**Discussion**

      I.      Frivolous allegations

Plaintiff, who identifies himself in one of his motions as a "Special Assigned Agent of the United States Land Office Patent 1774, Michigan Patent 15239 and Certificate 3844 for Swamp," is incarcerated with the Michigan Department of Corrections and housed at the Earnest C. Brooks Correctional Facility (LRF). He sues Ionia County Circuit Court Judge Charles H. Miel, 64A District Court Judge Raymond Voet, Ionia County Prosecuting Attorney Ronald J. Schafer, and defense attorney Judy L. Swartz.

This action is frivolous on its face. According to the quasi-legalistic ramblings of the complaint, the judges and attorneys in plaintiff's criminal prosecution were members of the B.A.R. (British Accredited Registry) and were therefore required to register as "foreign agents", as that term is defined under 22 U.S.C. § 611. Their failure to do so, contends plaintiff, somehow invalidates his conviction. For relief, he seeks immediate release from prison.

      II.      Failure to state a claim

A complaint fails to state a claim upon which relief can be granted when it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations of the complaint. *Jones v. City of Carlisle*, 3 F.3d 945, 947 (6th Cir. 1993). Although Plaintiff does not invoke 28 U.S.C. § 2254, the Court is unable to construe the allegations of the complaint as anything other than a challenge to his state-court convictions and his current confinement. When a prisoner challenges the fact or duration of his confinement and seeks immediate release, his sole remedy is a writ of habeas corpus pursuant to 28 U.S.C. § 2254. *See Preiser v. Rodriguez*, 411 U.S. 475, 484, 490 (1973) (the essence of habeas corpus is an attack by a person in custody upon the legality of that custody and the traditional function of the writ is to

secure release from illegal custody).  It is not the proper subject of an action brought pursuant to 22 U.S.C. § 611 *et seq.*, or 4 U.S.C. §§ 101 & 102.  Therefore, because Plaintiff's complaint challenges the fact or duration of his incarceration, it must be dismissed.  *See, e.g., Barnes v. Lewis*, No. 93-5698, 1993 WL 515483, at *1 (6th Cir. Dec. 10, 1993) (dismissal is appropriate where § 1983 action seeks equitable relief and challenges fact or duration of confinement); *Moore v. Pemberton*, 110 F.3d 22, 23-24 (7th Cir. 1997) (reasons for not construing a civil rights action as one seeking habeas relief include (1) potential application of *Heck v. Humphrey*, 512 U.S. 477 (1994), (2) differing defendants, (3) differing standards of § 1915(a)(3) and § 2253(c), (4) differing fee requirements, (5) potential application of second or successive petition doctrine or three-strikes rules of § 1915(g)).

Since the time of filing his complaint, Plaintiff has separately filed four other motions: (1) a motion seeking "Writ of Release in Pursuance of Lack of Subject Matter Jurisdiction Writ of Quo Warranto to Vacate Void Judgment" (docket #5); (2) "Motion for Joinder" (docket "8); (3) "Motion for Injunction" (docket #9); and (4) "Motion for Immediate Release from Custody" pending resolution of the initial action (docket #10).  Inasmuch as the complaint fails to state a claim for relief, I recommend that each of Plaintiff's motions  be denied as moot.

### **Recommended Disposition**

Having conducted the review now required by the Prison Litigation Reform Act, I recommend that Plaintiff's complaint be dismissed for failure to state a claim pursuant to 28 U.S.C. § 1915A(b).  Should this report and recommendation be adopted, the dismissal of this action will count as a strike for purposes of 28 U.S.C. § 1915(g).

I further recommend that the Court find no good-faith basis for appeal within the meaning of 28 U.S.C. § 1915(a)(3).  *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir.

1997). The Court is unaware of a single credible source attesting to either the legitimacy or even the existence of the "British Accredited Registry" which was purportedly established in Boston in 1761. Rather, the only references to it appear to be in various non-sensical ramblings on the internet, further consideration of which would be a waste of any court's time.

Dated:  February 4, 2008                             /s/ Hugh W. Brenneman, Jr.
                                                      HUGH W. BRENNEMAN, JR.
                                                      United States Magistrate Judge

### NOTICE TO PARTIES

Any objections to this Report and Recommendation must be filed and served within ten days of service of this notice on you. 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b). All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b). Failure to file timely objections may constitute a waiver of any further right of appeal. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *see Thomas v. Arn*, 474 U.S. 140 (1985).